IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Elizabeth A. Albert,

    Plaintiff,

    v.                       Case No. 2:18-cv-907

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Elizabeth A. Albert brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits. In her December 19, 2017, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of lupus,, fibromyalgia, degenerative disc disease of the cervical and lumbar spine, cellulitis, osteoarthritis of the bilateral knees; left shoulder rotator cuff tear, obesity, endometrial cancer, Bell's palsy, bursitis, edema, plantar fascia, heel spurs, hypertension, IBS, GERD, and affective disorder. PAGEID 113. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with additional restrictions:

> [S]he can stand/walk for four hours in an eight hour workday, and sit for six hours in an eight hour workday; frequently push or pull with the bilateral lower extremities; frequently use foot controls with the bilateral lower extremities; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently balance and stoop; avoid kneeling and crawling; occasionally crouch; frequently reach forward laterally and overhead with the left upper extremity; avoid exposure to unprotected heights; would be off task 7% of the day; must be allowed to prop feet up three to

> five inches on foot stool; should be able to tolerate
> simple, routine tasks; would need changes to be
> introduced slowly; limited to frequent superficial
> interaction with the public, co-workers, and supervisors;
> and should avoid high production strict quotas.

PAGEID 116. After considering the testimony of a vocational expert, the ALJ concluded that plaintiff was capable of performing work which existed in the national economy, and that she was not disabled. PAGEID 123. This matter is before the court for consideration of plaintiff's June 7, 2019, objections to the May 24, 2019, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where

2

the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Opinion of Nurse Practitioner Samantha Meek

Plaintiff objects to the ALJ's failure to discuss the opinion of Nurse Practitioner Samantha Meek, who saw plaintiff on a regular basis for treatment. In an undated letter, Ms. Meek set forth work restrictions applicable to plaintiff. PAGEID 1105. The magistrate judge acknowledged that the ALJ did not discuss this document in her opinion, but concluded that the ALJ's failure to do so was harmless error because the more extreme limitations advanced in the letter were not supported by the record. Doc. 17, pp. 6-8.

Ms. Meek is not an "accepted medical source;" rather, her opinion falls within the category of evidence from "other sources." *See* SSR 06-3p, 2006 WL 2329939 at *2 (S.S.A. Aug. 9, 2006). The ALJ was not required to provide good reasons for the weight given to her opinion under §404.1527(d)(2), *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011), and a formulaic recitation of the factors for weighing a nurse practitioner's opinion is not required, *see Starr v. Comm'r of Soc. Sec.*, NO. 2:12-cv-290, 2013 WL 653280 at *6 (S.D.Ohio Feb. 21, 2013); *Brewer v. Astrue*, No. 4:11-CV-00081, 2012 WL 262632 at *10 (N.D.Ohio Jan. 30, 2012)(SSR 06-3p has no express requirement for a certain level of analysis of evidence from other sources).

3

The ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-3p, 2006 WL 2329939 at *6; *Cruse v. Commissioner of Soc. Sec.*, 502 F.3d 532, 540-42, n. 2 (6th Cir. 2007)(ALJ should discuss factors relating to his treatment of nurse practitioner's assessment to provide some basis for his rejection of her opinion). However, an ALJ's failure to do so may be harmless error where there is no reason to believe that a remand might lead to a different result. *Russell v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-291, 2014 WL 1333262, *9-11 (N.D.Ohio Mar. 31, 2014); *Phillips v. Comm'r of Soc. Sec.*, No. 1:07-cv-675, 2008 WL 4394274, *4-5 (W.D.Mich. July 2, 2008).

The magistrate judge correctly found that any error due to the ALJ's failure to specifically discuss Ms. Meek's letter was harmless. The letter is undated and contains a typed signature. PAGEID 1105. The only indication of when the letter was drafted is a fax stamp date of September 28, 2015. The letter states that plaintiff has limitations on the duration for standing, walking, and sitting, a prohibition on crawling or climbing ladders, and a lifting limit of twenty pounds occasionally. The letter further indicates that plaintiff can perform simple grasping, pushing and pulling motions with fine manipulation, can use her feet in repetitive movements for operating foot controls, can reach above shoulder level, and can bend, squat and climb steps occasionally. The letter states that plaintiff has the listed restrictions for work "based on her functional capacity exam[.]" However, the

4

record contains no report of a functional capacity exam or any indication of when such an exam was conducted or by whom.

Because the letter contains no discussion of any specific record evidence which would support the limitations suggested by Ms. Meek, the ALJ would have been justified in disregarding it. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)(noting that the ALJ's failure to explain the weight given to treating physician opinions can be harmless error if the opinion is so patently deficient that the Commissioner could not possibly credit it); *Carreon v. Massanari*, 51 F.App'x 571, 574 (6th Cir. 2002)(ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record).

However, the ALJ stated in her opinion that she considered opinion evidence. PAGEID 116. There are many similarities between the restrictions listed by Ms. Meek and the RFC formulated by the ALJ, which suggests that the ALJ considered Ms. Meek's letter. *See Russell*, 2014 WL 1333262, *10 (noting that the majority of the limitations suggested by the other source opinion were accounted for in the RFC). Both the letter and the RFC state that plaintiff can perform work involving pushing and pulling and the use of foot controls, that she can occasionally squat or climb steps but can never crawl or climb ladders, and that she can reach above shoulder level. To plaintiff's advantage, the RFC's restrictions are more severe in some respects than those posed by Ms. Meek. The ALJ limited plaintiff to standing no more than four hours, compared to the six hours posed in the letter; placed a ten-pound limit on lifting compared to the twenty-pound limit stated in the letter;

5

and specified that plaintiff reach above shoulder level with her left arm only frequently, as opposed to the unlimited reaching stated in the letter. The RFC also requires that plaintiff be allowed to prop her feet up on a stool, and that she avoid exposure to unprotected heights and the use of moving, hazardous or heavy machinery. These restrictions were not mentioned in the letter. Unlike the RFC, the letter stated that plaintiff could stand, walk or sit for no more than thirty minutes at a time. However, the ALJ did specify that plaintiff would be off task for seven percent of the day, which would allow for changes in posture.

The ALJ's decision is also sufficient to permit review by this court. The ALJ explained in detail how plaintiff's various impairments supported the restrictions in the RFC. PAGEID 119. The ALJ concluded that the record failed to support plaintiff's allegations of disabling symptoms, citing exam records frequently showing a normal range of motion, normal sensory and motor exams, 5/5 strength in the bilateral upper and lower extremities, normal coordination and gait, and no acute distress. PAGEID 119-120. The ALJ discussed plaintiff's daily activities, which included preparing meals, performing housework, cleaning, doing dishes, drawing, caring for pets, driving and shopping, as support for her conclusion that plaintiff was capable of working. PAGEID 120. The ALJ also gave great weight to the July 29, 2015, opinion of Dimitri Teague, M.D., and the October 6, 2015, opinion of Teresita Cruz, M.D., the state agency consultants. PAGEID 121. *See* PAGEID 217, 233. The RFC largely incorporates the restrictions posed by these experts. However, unlike the report of the state consultants, the RFC limits plaintiff to pushing or pulling only frequently with the left arm. Although the state consultants opined that plaintiff

6

could occasionally crawl, both the RFC and Ms. Meek's letter specify that crawling should be avoided.

The court concludes that the ALJ's discussion of the evidence is sufficient to permit this court to follow the ALJ's reasoning for the restrictions included in the RFC, and that there is no reason to believe that a different outcome would result from further consideration or discussion of Ms. Meek's letter. The ALJ's failure to specifically discuss this letter was harmless error.

B. ALJ's Refusal to Admit Late Evidence

Plaintiff objects to the ALJ's refusal to admit medical records which were received less than five days prior to the hearing date. Under 20 C.F.R. §404.935(a), a claimant "must inform us about or submit any written evidence ... no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. §404.935(a). If a claimant fails to comply with this requirement, the ALJ may decline to consider or obtain the evidence, unless one of the exceptions in 20 C.F.R. §404.935(b) applies. §404.935(a). Where the ALJ has not yet issued a decision, the ALJ will accept the evidence where the claimant did not comply with §404.935(a) because: (1) the claimant was misled by some action of the agency; (2) the claimant had a physical, mental, educational, or linguistic limitation that prevented the claimant from informing the agency about or submitting the evidence earlier; or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented the claimant from informing the agency about or submitting the evidence earlier. 20 C.F.R. §404.935(b)(1)-(3). Examples of unavoidable circumstances include: (1) the claimant was prevented from contacting the agency due to

7

his or her own serious illness; (2) there was a death or serious illness in the claimant's immediate family; (3) important records were destroyed or damaged by fire or other accidental cause; or (4) the claimant actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing. 20 C.F.R. §404.935(3)(i)-(iv).

The hearing in this case was held on Wednesday, July 26, 2017. By letter dated July 19, 2017, counsel informed the ALJ about certain records which were requested from plaintiff's medical service providers on June 7, 2017, and June 12, 2017. Counsel indicated that these records might not be received within five days of the hearing. PAGEID 475. Wednesday, July 19th, was the fifth business day prior to the hearing. Thus, the notice required by §404.935(a) was due on that date. There is no indication on the face of letter or otherwise in the record that this letter was sent to the ALJ electronically, nor is there any evidence when the letter was placed in the mail. Plaintiff's counsel's office was located in Parkersburg, West Virginia, and the ALJ's office was in Columbus, Ohio. Even if the letter was placed in the mail on July 19th, it would not have arrived in Columbus that same day. Counsel made no reference at the hearing to the additional medical records. When the ALJ asked counsel if Exhibits 1-A through 13-F, which did not include the additional records, completed the file, counsel responded, "Yes, Your Honor." PAGEID 143.

The ALJ stated in her decision that the plaintiff "submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date." PAGEID 110. There is no evidence in the record which contradicts this statement. Some of the records referred to in the

8

letter were submitted on July 24, 2017, less than five days prior to the hearing, and other records were submitted on August 1, 2017, and October 10, 2017, after the hearing. PAGEID 110. The ALJ noted that these records related to services provided more than two months prior to the hearing. PAGEID 111. The ALJ declined to admit those records, holding that plaintiff failed to show that there was a compelling reason why the agency was not, at the least, informed about this evidence more than five days prior to the hearing. The ALJ did admit and consider hospital records submitted on October 11, 2017, as Exhibit 14F, because they related to treatment plaintiff received after the hearing.

The court agrees with the findings of the magistrate judge that there is no evidence in the record to refute the ALJ's statement that counsel's letter was not received within five business days of the hearing. There is also no evidence to support any of the exceptions in §404.935(b). Although the letter states that counsel had not yet received the requested records, a claimant's receipt of documents from a medical source less than five business days before a hearing is not by itself sufficient to establish unusual, unexpected, or unavoidable circumstances beyond the claimant's control. *Shuey v. Berryhill*, No. 1:18-CV-00626, 2019 WL 1303201, *5 (M.D.Pa. Feb. 28, 2019). Section 404.935(a) requires that the claimant, at the very least, notify the agency that additional records will be offered. Counsel's letter indicates that the records in question were requested from the service providers in June. While the delay in receiving records may explain counsel's delay in supplying the records, it does not explain counsel's failure to inform the ALJ about these records five days prior to the hearing on July 26. *See id*. The court also

9

agrees with the conclusion of the magistrate judge that the fact that plaintiff had previously submitted records from these same providers does not excuse the late notice. As the magistrate judge noted, past treatment by a provider is no guarantee of future treatment by the same provider, and plaintiff cannot be deemed to have notified the ALJ of later treatment records from a provider simply by producing earlier records from the same provider.

The ALJ did not err in declining to admit the late records, and this objection is not well taken.

III. Conclusion

The court concludes that the Commissioner's non-disability finding is supported by substantial evidence. For the reasons stated above, the court overrules the plaintiff's objections (Doc. 18), and adopts and affirms the magistrate judge's report and recommendation (Doc. 17). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: July 8, 2019          _____s/James L. Graham_____
                            James L. Graham
                            United States District Judge